## Lose v. Salesberg Realty Company et al.

(Decided March 11, 1930.)

THUM, FIELD, KESTER & NEWBOLD for appellant.

SAMUEL S. BLITZ for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant filed his petition in the Jefferson circuit court, alleging that on the 16th day of January, 1927, he entered into a written contract with appellees, by the terms of which he leased from them, for a period of two years commencing March 1, 1927, certain real estate in the city of Louisville. He took possession of the property and retained it until June 1, 1928. There was a provision in the contract to the effect that, if the lessors should sell the property, or should let a contract for a building to be erected immediately upon the property, or any part of it, the lessors should have the right to obtain possession of the premises by giving to the lessee sixty days' written notice, and that the lessee should pay no rent for the period of sixty days covered by the notice. It is alleged that such notice was given on the 28th of March, 1928, and that, at the time the notice was given,

appellant believed that a contract for a building to be erected immediately on the lot had been made, or that the property had been sold; that, acting upon that belief, he surrendered possession of the property in accordance with the terms of the contract. It is alleged that no contract had been made for the erection of the building, and that the lessors had not sold the property, and that the giving of the notice was a fraud upon the rights of the appellant, and that, by reason of the deceit and fraud practiced upon him, he surrendered the possession of the premises and was thereby deprived of the reasonable value to him of his contract for the balance of the term, amounting to $11,638.70.

Appellees answered, denying the allegations in the petition, and, in a second paragraph, pleaded affirmatively the making of the contract, the giving of the notice and its acceptance, that a contract had been made in good faith for the erection of the building, and that for these reasons the appellant was without any cause of action against appellees. Appellant filed a general demurrer to the second paragraph of the answer which was overruled. Appellant declined to plead further, and his petition was dismissed.

Leaving out of consideration the fact that the second paragraph of the answer contains a plea that the contract for the immediate erection of a building had been let, we will consider the questions presented in the briefs. The written notice was given and accepted by appellant. There is nothing to indicate that the notice contained any statement that the property had been sold, or that a building was to be erected on it. The allegation in the petition is that appellant believed and relied upon that belief that there had been a sale of the property, or that a contract had been let for the immediate erection of a building. He does not allege that the notice contained any such information. He does not allege that he made any inquiry to ascertain whether conditions had arisen which authorized the giving of the notice under the terms of the contract. He accepted the notice and held the property free of rent for two months. After he had surrendered possession, he discovered, according to the allegations of his petition, that the notice was without authority under the provisions of the contract. It is argued that he was deceived because of the suppression of facts which would have advised him that neither of the

372

conditions had arisen which compelled him to accept notice and surrender possession of the property.

Appellant insists, in his brief, that the contract could only be terminated in accordance with its provisions, and cites 13 Corpus Juris, p. 607, to that effect, but this does not help appellant any if he voluntarily accepted the notice without insisting upon a compliance with the terms of the contract. It is true that, if the fact of deception is accomplished, the form of the deceit is immaterial, but mere silence does not of itself constitute fraud. There was nothing in the contract which forbade the demanding of possession of the property at any time, but there were provisions in the contract which protected appellant in his right of occupancy, and these provisions were available to him at all times. There is not an allegation in the petition anywhere which amounts to an allegation of fraud or deceit.

When the notice was given and accepted by appellant with the consequent advantages to him, and he acted upon the notice and voluntarily surrendered possession of the premises, he put it out of his power to recover damages growing out of his own voluntary act in surrendering the possession of the property.

Judgment affirmed.